In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of and Rehabilitate the BOND AND MORTGAGE GUARANTEE COMPANY.

In the Matter of the Application of LIZZIE BLOOM, Appellant, in Behalf of Herself and All Other Certificate Holders Similarly Situated, in a Certain Mortgage Covering Premises Known as LIDO CLUB HOTEL, at Reynolds Channel, Long Beach, Nassau County, New York, Guaranteed by BOND AND MORTGAGE GUARANTEE COMPANY, Guaranty No. 180,577, to Direct the Superintendent of Insurance to Pay over Certain Interest Payments Collected by Him.

GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Rehabilitator, etc., Respondent.

Second Department, February 8, 1935.

*Sydney W. Stern*, for the appellant.

*James B. McDonough, Jr.* [*John F. Caskey* with him on the brief], for the respondent.

YOUNG, J. Appellant is the holder of a certificate, in amount $18,000, in a mortgage of $1,400,000 on property situate in Nassau county. The principal of the mortgage became due on July 1, 1933, and was not paid. In August, 1933, the Superintendent of Insurance took possession of the Bond and Mortgage Guarantee Company, the guarantor, under an order of rehabilitation, and pursuant to that order he took charge of the collection of interest. On January 1, 1934, he collected interest amounting to $42,000. From that amount he deducted $3,500 for his charges, and distributed the balance, $38,500, among the certificate holders. In July of the same year he collected $35,000, of which amount he distributed $31,500, again retaining $3,500 for his charges. A plan for the reorganization of the mortgage was prepared by him. With notice to the certificate holders, the plan was submitted to the Supreme Court. With certain amendments, it was approved by the court, and the decision included a provision as to the compensation to which the Bond and Mortgage Guarantee Company would be entitled upon its adoption. It was also provided that the plan should not be effective until approved by two-thirds of the certificate holders, and that upon proof of such approval a final order would be made. Such approval, however, had not been obtained at the time the motion was made, for the making of the motion was

coincident with the submission of the proposed plan. The motion, therefore, even if otherwise proper, is premature, and the question of the reasonableness of the Superintendent's charges should not be determined until the approval of the plan and the entry of the final order.

A further reason for denying the motion is that appellant and the other certificate holders are not entitled to receive the full amount of the $7,000 retained. That sum represents the service charge or premium of the Bond and Mortgage Guarantee Company and the Bond and Mortgage Guarantee Corporation. The appellant and the other certificate holders have received all the interest to which they were entitled under the agreement of guaranty. Under that agreement, the Bond and Mortgage Guarantee Company was entitled to retain one-half of one per cent of the principal of the mortgage as its service charge or premium, leaving five and one-half per cent for the certificate holders. That amount they received up to and including July 1, 1934. As to the interest payment of July 1, 1934, which was the first payment to which the plan applied, the service charge of the Bond and Mortgage Guarantee Corporation, under the plan as amended by the interlocutory order, was one-twelfth of $35,000, or $2,916.67, whereas the amount actually retained was $3,500, an excess of $583.33. If the plan had become final by the approval of the certificate holders, this amount undoubtedly should be distributed to them, but it would be rather a wasteful proceeding to distribute $583.33 among 635 certificate holders. The disposition of that sum cannot be determined at this time.

The order should be affirmed, without costs.

LAZANSKY, P. J., YOUNG, HAGARTY, CARSWELL and TOMPKINS, JJ., concur.

Order affirmed, without costs.